Johnson, C. J. This was a scire facias instituted in the Saline Circuit Court to enforce a mechanic’s lien. The 1st sec. of chap. 96 of the Revised Statutes, provides that “all artisans building, and those who furnish materials for building, under contract or agreement with the proprietor thereof, shall have a lien upon such materials furnished, and upon tlie work and labor done on houses, or other edifices, which have been or may hereafter be executed by them, in whole or in part; each artisan, builder, mechanic, and laborer, for his own work and materials'furnished.” The 2d sec. of the same act also provides that “every person who may wish to avail himself of the benefit of this act, shall file with the clerk of the Circuit Court of the county in which the building charged with the lien is situated, and within six months after such lien shall have accrued, a just and true account of the amount justly due him, after all just credits given, which is to be a lien on such building.” In order to a correct decision of this case, it will be necessary to analyze this act, and to endeavor to reconcile the different sections, so as to give it a fair and rational interpretation. The first point to be settled is, in relation to the precise period of time at which the lien of the mechanic shall be said to attach. The facts of the case, as found by the jury in their special verdict returned into court, involve a contest between the lien claimed by the appellant by virtue of the act under discussion, and that of sundry judgments under which Charles Caldwell, one of the original defendants, purchased the premises, upon which the building is situated. It appears by the verdict, that, in the month of March, A. D. 1840, the appellant was employed by Lockert, one of the original defendants in the court below, and who was then the owner of the premises mentioned in tlie sci. fa., to complete and finish the house on said premises, which was at that time partly built; that in said month tlie appellant commenced said work and continued working upon it as a carpenter, with hands employed by him until the first of January, A. D. 1841, when he finished it; that the account, filed in the case as a bill of particulars, contained a correct statement of the whole work so done according to measurement, and that the prices charged in said account, were correct and proper, and the ordinary charges at drat time for such work; that on the 2d of February, A. D. 1841, there was due to the appellant from Lockert, on said account, the sum of five hundred and fifty-two dollars and seventy-nine cents, after all just credits were allowed; that on that day, the appellant made out his account, giving all just credits, and showing said balance, with the affidavit required by law, in order to retain a lien on said premises, and, on the same day, filed said account and affidavit in the office of the clerk of the Saline Circuit Court; and that a memorandum of such filing was on that day duly made by said clerk in his judgment docket, as required by law; that on the 28th of August, A. D. 1840, the three judgments mentioned in the first amended plea were obtained in said Circuit Court against said Lockert and Ezra M. Owen, then sheriff of said county, on three certain delivery bonds, which judgments still remained in full force; that said judgments remaining wholly unsatisfied, a writ of fi. fa. issued on each to the coroner of said county, returnable to the February term of said Circuit Court, A. D. 1841; that under and by virtue of each of which writs, the said premises were by said coroner duly levied upon, advertised for sale, and, on the 22d of February, A. D. 1841, duly sold according to law, and purchased at such sale by said Charles Caldwell, to whom, on the 22d of the same month, said coroner executed a deed therefor, under Said sale, in due form of law, which was duly acknowledged by him in open court, on the 28th February; 1843, and on that day-duly recorded; that said judgments become a lien on said property on the day they were rendered, and that said sale was made in every respect according to law. These are the facts specially found by the jury, and upon them they returned a conditional verdict; depending upon the law to fix the priority of lien, and which question they referred to the court. It will be admitted that the subject is not entirely free from difficulty, which results from the confusion and apparent discrepancies of the several sections of the act. It may be contended, and that too, with some show of plausibility, that a proper construction of the fifth and sixth sections would require the lien to attach at the date of the contract for the work and labor, or the materials furnished. It is here provided that whenever any person shall wish to proceed against any property, upon which he shall have a lien by virtue of the act, he may commence his suit in the ordinary form, and shall have judgment against the original debtor, for the amount that may be found due him, and shall have the liberty of taking his execution against such proportional part of the property charged with such lien, as his demand bears to the whole amount of the liens that are charged on such property, under the provisions of the act; which proportional part shall be decided by the-court; and also against the property of the defendant, and that no execution shall issue against the property charged with such lien, unless the defendant shall have owned or possessed such property at the time the contract was made for such work and labor, or materials; or unless a scire facias shall have first issued, and been served upon the owner or possessor of such property, requiring him to appear and show cause why judgment should not be entered up, and execution had, against such property. This branch of the act was never designed to fix upon the date of the contract as die time at which the lien should attach and become fixed; but simply to prohibit the party from taking out execution to enforce a lien subsequenfiy acquired, unless the defendant should have owned or possessed such property at the time the contract was made for such work and labor done or materials furnished. This construction is strengthend by the eleventh section, which provides that no lien shall bind any building for a longer time than two years after such building is finished, unless a suit shall have been brought in the manner provided by the act. We think that, from the whole act, it was the intention of the Legislature to secure a lien in favor of the particular class of persons specified, only from the time of the completion of tire work and labor, or the delivery of the materials, under the contract or agreement with the proprietor of the premises. Under this view of the law, it is clear that the judgment under which Caldwell purchased the property had priority of the lien claimed by the appellant, and that, therefore, the Circuit Court decided correctly in pronouncing judgment against him. Judgment affirmed.